```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALFONSO GREEN WIGGINS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 04-6048 (JBS) |
| v. | |
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #56, ANTHONY R. CINAGLIA, JACK SWIFT, HEINZ NORTH AMERICA, and WILLIAM H. MCNEECE, | **OPINION** |
| Defendants. | |

APPEARANCES:

Alfonso G. Wiggins
3930 Beacon Avenue
Pennsauken, NJ 08110
    Plaintiff Pro Se

Mark E. Belland, Esq.
Brett I. Last, Esq.
O'BRIEN BELLAND & BUSHINSKY, LLC
2111 New Road
Suite 101
Northfield, NJ 08225
    Attorneys for Defendant United Food and Commercial Workers
    Union, Local #56

Barry Cohen Esq.
THORP, REED & ARMSTRONG, LLP
Princeton Pike Corporate Center
993 Lenox Drive
Suite 200
Lawrenceville, NJ 08648
    Attorneys for Defendants Heinz North America and William H.
    McNeece

**SIMANDLE**, District Judge:

    This case arises out of the decision by Heinz North America ("Heinz") and United Food and Commercial Workers Union, Local #

56 ("Local 56")[1] to eliminate five third shift sanitation positions (including the job of plaintiff Alfonso G. Wiggins ("Plaintiff")) at the Heinz plant in Pennsauken, New Jersey. Specifically, Plaintiff alleges that Defendants - his union and his employer - breached the Collective Bargaining Agreement between Heinz and Local 56 and that Local 56 breached its duty of fair representation of all union employees.  This matter is before the Court upon the motions for summary judgment by: (1) Plaintiff; (2) Defendant Local 56; and (3) Defendants Heinz and William H. McNeece.  Plaintiff's Complaint suffers from procedural and substantive defects and, therefore, the Court will grant Defendants' motions for summary judgment and deny Plaintiff's motion for summary judgment.

## I.   BACKGROUND

### A.   Facts

The facts giving rise to this action are largely undisputed. Plaintiff is Alfonso G. Wiggins.  Until September 10, 2004, Plaintiff worked the third shift as a sanitation worker at Heinz North America's plant in Pennsauken, New Jersey.  While employed at Heinz, Plaintiff was a member of Defendant United Food and Commercial Workers Union, Local #56.

---

[1] Heinz, Heinz's plant manager William H. McNeece, and Local 56 shall be referred to collectively as the "Defendants."

In 2004, Heinz determined that it could save a substantial amount of money by outsourcing the third shift sanitation operations.  (Declaration of Cathi DeMarco at ¶ 3.)  Members of Heinz's management had discussions with Local 56 regarding the possibility of discontinuing third shift sanitation operations on two occasions in July 2004.  (Id. at ¶ 4-6.)  During these meetings, Local 56 agreed that, under Articles III (Management Rights) and XXXIII (Severance) of the Collective Bargaining Agreement in place between the parties, Heinz was permitted to discontinue the third shift.  (Id. at 6; Heinz Br. at Ex. 1 (Collective Bargaining Agreement) at 3, 23.)[2]

On August 6, 2004, Heinz management held a meeting with employees of the third shift sanitation crew (including Plaintiff) and informed them that Heinz was discontinuing the third shift sanitation operations.  (Demarco Decl. at ¶ 7.)  At the meeting, these employees were provided an overview of their severance options under the Collective Bargaining Agreement and

---

[2] The Court notes that while the declaration of Cathi DeMarco, human resources manager at Heinz's Pennsauken plant, states that she was informed by William McNeece "that [Heinz] could save a substantial amount of money by outsourcing the third shift of [Heinz's] sanitation operations" and that Plaintiff's grievance alleged that the outsourcing of the sanitation crew's third shift violated the Collective Bargaining Agreement, neither Heinz, Local 56 or Plaintiff have provided any evidence that Heinz did anything other than discontinue the third shift sanitation work.  That is to say that there is no evidence that Heinz actually outsourced or subcontracted third shift sanitation work to a company employing non-union workers.

instructed to contact Heinz's human resources department if they wished to bid on job openings working sanitation for the first shift.  (Id. at ¶ 8.)[3]  In a memo addressed to all Heinz employees dated August 10, 2004, plant manager McNeece informed all employees about the August 6, 2004 meeting.  (Heinz Br. at Ex. 2, Memo from William McNeece, dated 8/10/2004; DeMarco Decl. ¶ 9.)  On September 2, 2004, a representative from Heinz's human resources department reviewed with Plaintiff an August 31, 2004 letter that informed Plaintiff that he (1) was being permanently laid off based on Heinz's reduction in work force; (2) was eligible for ten weeks of severance pay; and (3) had agreed to accept three months continuation of medical benefits.  (Heinz Br. at Ex. 3, Letter from Cathi DeMarco, dated 8/31/2004.)

On September 10, 2004, Plaintiff filed a grievance with Local 56 alleging that Heinz "breached the Collective Bargaining Agreement when the company eliminated all the union-employees jobs in the sanitation department and substituted them with non-union...workers which forced the union-employees to either bid on other jobs in the plant or have their employment terminated." (Heinz Br. at Ex. 4, Plaintiff's Grievance.)  On September 14, 2004, Heinz denied Plaintiff's grievance as untimely and reminded Plaintiff that the grievance procedure outlined in Article XXIII

---

[3] Two of the five affected sanitation crew members submitted bids to work on the first shift and both members began working this shift on August 30, 2004.  (Demarco Decl. ¶ 10.)

of the Collective Bargaining Agreement (Grievance Procedure and Arbitration) requires that an employee's grievance be presented:

> to the employee's immediate supervisor for adjustment within forty-eight (48) hours of when the employee should have knowledge of the event complained of, but no later than seventy-two (72) hours of the event complained of.

(Collective Bargaining Agreement at 17-18; Heinz Br. at Ex. 5.) Heinz stated that notice of Plaintiff's termination was provided on August 6, 2004 but Plaintiff failed to file his grievance until September 10, 2004. The reply to Plaintiff's grievance also stated that, on September 2, 2004, Plaintiff met with a member of Heinz's human resources department who informed Plaintiff that Plaintiff's last day of employment would be September 10, 2004. (Id.) In a letter to Heinz's human resources department dated September 15, 2004, Local 56's business representative Jack Swift acknowledged the denial of Plaintiff's grievance. (Heinz's Br. at Ex. 6.) Plaintiff took no additional action regarding this case until he filed the present lawsuit.

B.   **Procedural History**

On December 10, 2004, Plaintiff filed a complaint claiming that (1) both Heinz and Local 56 breached the terms of the Collective Bargaining Agreement under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and (2) Local 56 breached its duty of fair representation to all union members (the "Complaint.") In compliance with U.S. Magistrate Judge Ann

5

Marie Donio's scheduling order, Local 56 filed a motion for summary judgment on April 10, 2006.  Heinz filed their motion for summary judgment on May 1, 2006 and Plaintiff filed his motion for summary judgment on May 12, 2006.[4]  Local 56 filed a brief in opposition to Plaintiff's motion on May 19 and Heinz filed a letter brief in opposition on May 22, 2006.  Plaintiff did not file a reply brief.

## II.    SUMMARY JUDGMENT STANDARD OF REVIEW

Both Defendants and Plaintiff moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P.  A court may grant summary judgment when the materials of record "show that there is no genuine issue as to any material fact and that the moving party

---

[4] On March 14, 2006, Judge Donio entered a Scheduling Order requiring all parties to file dispositive motions no later than April 30, 2006 and requiring opposition to the motion to be served in a timely fashion in accordance with the Local Rules. [Docket Item No. 8.] Plaintiff, pro se, did not file a brief in opposition to either Defendant's motion for summary judgment. Plaintiff also failed to comply with Judge Donio's scheduling order and thus his motion for summary judgment was untimely. Given Plaintiff's pro se status, the Court will enlarge the time for Plaintiff to file his motion for summary judgment until May 12, 2006 and treat his submissions as a cross-motion for summary judgment that is responsive to both Local 56's and Heinz's motions for summary judgment.  Also, on October 19, 2006, counsel for Local 56 sent the Court a letter stating that counsel had inadvertently failed to attach an Exhibit J to counsel's verification, an exhibit that was referenced in Local 56's brief in support of its motion for summary judgment.  Attached to the letter, counsel submitted an amended verification including Exhibit J.  Because counsel's error was inadvertent and because the Court concludes that Plaintiff will not be prejudiced by the Court considering this late submission, the Court will consider the amended verification and Exhibit J with Local 56's motion for summary judgment.

is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.[5]

**III. DISCUSSION**

Plaintiff's Complaint makes two central allegations: (1) that Heinz and Local 56 breached the Collective Bargaining Agreement "when the exclusive representatives of the union employees entered into an agreement with Heinz which allowed [Heinz] to eliminate the jobs of union employees and replace[] them with non-union workers" and (2) Local 56 breached its duty of fair representation when Local 56's representatives "entered into a secret agreement with the management of [Heinz] to eliminate the jobs of union employees...."  (Complaint ¶¶ 5-10.)

---

[5] Moreover, a non-moving party must do more than rely only "upon bare assertions, conclusory allegations or suspicions."  Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985) (citation omitted); see Liberty Lobby, 477 U.S. at 249-50.  Thus, if the non-moving party's evidence is a mere scintilla or is "not significantly probative," the court may grant summary judgment.  Liberty Lobby, 477 U.S. at 249-50.

When a union employee feels that he has been wrongfully discharged and that his union has failed to prevent his wrongful termination, the employee may join as defendants both the employer and the union.  Humphrey v. Moore, 375 U.S. 335 (1964).  Such an action, called a "hybrid suit," generally consists of a claim against the employer for breach of the collective bargaining agreement and a claim against the union for breach of duty of fair representation, as described in DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983).  Specifically, in DelCostello, the Supreme Court explains,

> Such a suit, as a formal matter, comprises two causes of action.  The suit against the employer rests on § 301 [of the Labor Management Relations Act], since the employee is alleging a breach of the collective bargaining agreement.  The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.

Id.

    **A.**   **Defendant Local 56's Motion for Summary Judgement**

        **1.**   **Plaintiff Has Failed to Present Evidence of Bad Faith or Discriminatory or Arbitrary Conduct on behalf of Local 56**

Plaintiff claims that Local 56 breached its duty of fair representation.  (Complaint ¶¶ 9-10.)  Specifically, Plaintiff's Complaint states that Local 56 breached its duty when its representatives "entered into a secret agreement with the management of [Heinz] to eliminate the jobs of union employees...."  (Id. ¶ 10.)

8

Because they serve as the exclusive bargaining agent for all employees in a collective bargaining unit, unions have a duty of fair representation in negotiating and enforcing collective bargaining agreements. Vaca v. Sipes, 386 U.S. 171 (1967). "The duty of fair representation is a judicially-created rule designed to afford individual employees a certain degree of protection against discriminatory treatment by a union." Masy v. New Jersey Transit Rail Op., Inc., 790 F.2d 322, 327 (3d Cir. 1986) (citing Steele v. Louisville & Nashville R.R., 323 U.S. 192, 202-03 (1944)). This duty requires unions to "serve the interest of all members without hostility or discrimination towards any, to exercise discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca, 386 U.S. at 177. A plaintiff must prove a breach of this duty on the part of the union before the union or the employer may be held liable for damages arising from an alleged breach of the collective bargaining agreement. DelCostello, 462 U.S. at 164-65 (1983).

In order to overcome a summary judgment motion, a plaintiff asserting a Section 301 claim must adduce admissible evidence tending to show that the union's conduct was in fact "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190; Riley v. Letter Carriers Local No. 380, 668 F.2d 224, 228 (3d Cir. 1981). As this Court has held:

> More than mere unsupported allegations are required to justify a finding of bad faith. Where a plaintiff has

>    not come forward with admissible evidence from which a
>    reasonable factfinder could find arbitrariness,
>    discrimination, or bad faith, disposition by summary
>    judgment is appropriate.

Walczak v. Interstate Brands, No. 99-284, 2000 U.S. Dist. LEXIS 15934, at *18 (D.N.J. Sept. 18, 2000)(citing Bellesfield v. RCA Commc'n, Inc., 675 F. Supp. 952, 956 (D.N.J. 1987)).

Moreover, union employees do not have an absolute right to arbitration. The union's duty to represent the varied interests of its constituent members requires that it be afforded a certain amount of discretion in deciding how best to safeguard those interests. Masy, 790 F.2d at 328. "The mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious." Findley v. Jones Motor Freight, Div. Allegheny Corp., 639 F.2d 953, 958 (3d Cir. 1981).

In this matter, Plaintiff has failed to request any discovery and as such, the only items in the record in support of Plaintiff's argument are the Complaint and Plaintiff's affidavit attached to the Complaint. (Last Decl., Exs. A, B.) Neither of these documents, however, contain any evidence that would support a finding of bad faith or discriminatory or arbitrary conduct on the part of Local 56. Plaintiff has presented no evidence -- either direct or circumstantial -- to suggest that Local 56 and Heinz engaged in collusion or entered into any "secret" agreement to eliminate union jobs. In fact, Plaintiff's own Complaint

10

alludes to Article III of the Collective Bargaining Agreement, which allows Heinz to layoff employees.  Moreover, there is nothing to indicate that Local 56 ignored Plaintiff's grievance.  Plaintiff's grievance was filed on September 10, 2004, more than one month after Plaintiff was informed of his impending termination.[6]  The grievance was rejected by Heinz as untimely and as such, Local 56 had no duty to pursue the matter further.

As in Walczak, here Plaintiff has failed to come forward with admissible evidence from which a reasonable factfinder could find arbitrariness, discrimination, or bad faith.  Plaintiff has not presented nothing more than bare assertions, conclusory allegation and suspicions regarding his claim of a breach of the duty of fair representation.  As such, this Court will grant Local 56's motion for summary judgment as to Plaintiff's breach of the duty of fair representation claim.

---

[6] As explained in Section I.A, supra, Article XXIII of the Collective Bargaining Agreement (Grievance Procedure and Arbitration) requires that an employee present his grievance to the employee's immediate supervisor "within forty-eight (48) hours of when the employee should have knowledge of the event complained of, but no later than seventy-two (72) hours of the event complained of."  Plaintiff admits that he was informed of his termination on August 6, 2004 but failed to file a grievance until September 10, 2004.

(Collective Bargaining Agreement at 17-18.)

11

### 2. Plaintiff's Failure to Exhaust

Additionally, Plaintiff concedes that he failed to exhaust internal union remedies prior to instituting this suit. An employee alleging a violation of a collective-bargaining agreement between his union and employer must attempt to exhaust contractual grievances before bringing suit under Section 301. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965); see Local Union No. 1075 v. United Rubber, Cork, Linoleum and Plastic Workers of Am., 716 F.2d 182, 185 (3d Cir. 1983). Moreover, a union member must resort to a union's internal grievance procedure unless he or she can show that the grievance procedure offered no hope of resolution. Clayton v. Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am., 451 U.S. 679 (1981).[7] Absent exceptional circumstances, an untimely-filed grievance means the grievance procedures were not exhausted. Small v. Frank, No. 9104122, 1996 U.S. Dist. LEXIS 10900, at *15-16 (E.D. Pa. July 30, 1996). Moreover, Local 56's bylaws similarly provide: "No member shall institute an action outside the Union against the International Union, Local Union, or any of their officers or representatives without first exhausting all

---

[7] The exhaustion requirement is designed to prevent individuals from "sidestep[ping] available grievance procedures" and to ensure that arbitrators, not courts, have the primary responsibility for interpreting labor contracts. Terwilliger v. Greyhound Lines, Inc., 882 F.2d 1033, 1039 (6th Cir. 1989)(quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (U.S. 1985)).

remedies provided by the Local Union bylaws and rules and the Constitution and laws of the International Union."  (Last Decl. ¶ 11, Ex. J., Bylaws of United Food and Commercial Workers Local #56, Art. XIII.D.)

Here, Plaintiff's failure to first exhaust internal union remedies also warrants summary judgment in favor of Local 56.  It is undisputed that Plaintiff filed his grievance on September 10, 2004, over one month after he was informed that he was being laid off.  Under Article XXIII of the Collective Bargaining Agreement, Plaintiff was required to file his grievance within 72 hours of being informed of Heinz's decision.  Moreover, the Collective Bargaining Agreement specifically states that "[t]ime is of the essence" and time limitations contained therein related to a grievance "shall be strictly construed."  (Collective Bargaining Agreement at 17.)  Thus, the grievance was untimely and Local 56 is entitled to summary judgment.[8]

---

[8] Plaintiff cites DelCostello for the proposition that, in a duty of fair representation case, a plaintiff is not required to exhaust a union's internal remedies. (Pl.'s Br. at 8.) Plaintiff's recitation of the law is incomplete, however. A Plaintiff's failure to exhaust the union's internal remedies is fatal to a plaintiff's claim unless he can show that the union acted in an arbitrary, discriminatory, or bad faith manner in not processing his grievance. See Vaca, 386 U.S. at 186; see also Williams v. Sea-Land Corp., 844 F.2d 17 (1st Cir. 1988). As discussed above, Plaintiff presents no evidence that Local 56 acted in bad faith or in an arbitrary manner. Moreover, Plaintiff presents no evidence that he did anything to pursue his grievance once his grievance was initially rejected as untimely. As such, this Court will not allow Plaintiff to circumvent the requirements that a union employee exhaust his internal union

**B.    Defendant Heinz's Motion for Summary Judgement**

Plaintiff also asserts claims against Heinz.  Specifically, Plaintiff alleges that Heinz breached the Collective Bargaining Agreement when Heinz and Local 56 "entered into an agreement...which allowed [Heinz] to eliminate the jobs of union employees and replace them with non-union workers...[and that] [t]he secret and concerted conduct which effects commerce and undermined the rights of the union employees were tantamount to collusion."  (Complaint ¶¶ 5-8.)  In addition, Plaintiff alleges that Heinz and Local 56 "knowingly and unlawfully discriminated against the union employees when management eliminated the jobs of the sanitation department [in violation of] Article IV of the Collective Bargaining Agreement."  (Id. at ¶ 7.)

Heinz makes two arguments in support of its motion for summary judgment.  First, Heinz argues that Plaintiff, as a member of a collective bargaining unit, was required to exhaust his contractual grievance procedures before bringing an action for breach of the Collective Bargaining Agreement.  (Heinz's Br. at 4.)  According to Heinz, Plaintiff failed to exhaust his internal union remedies, having filed his grievance approximately one month late.  Second, Heinz argues that, assuming Plaintiff exhausted the grievance procedure, there is no genuine issue of material fact that would tend to support Plaintiff's allegation

---

remedies prior to filing a lawsuit.

14

that Heinz breached the Collective Bargaining Agreement.  (Id. at 6.)  Instead, according to Heinz, all evidence of record supports the conclusion that Heinz acted within the limitations imposed by the Collective Bargaining Agreement.  (Id.)

As discussed in Section III.A, supra, this Court agrees with Heinz that Plaintiff failed to exhaust the grievance procedure in the Collective Bargaining Agreement.  Because exhaustion of the grievance procedure is a prerequisite to filing suit under Section 301 of the LMRA, Plaintiff cannot bring this action.  As such, the Court will grant summary judgment in favor of Heinz.

Even if Plaintiff had exhausted the internal grievance procedure, summary judgment in favor of Heinz would still be appropriate.  To survive a motion for summary judgment in a Section 301 claim, a plaintiff must demonstrate that the employer's actions "violated the terms of the collective bargaining agreement and that the union breached its duty of fair representation."  Chauffeurs Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563-64 (1990); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976)("To prevail against either the company or the union, [a plaintiff] must show not only that [his] discharge was contrary to the [collective bargaining agreement] but must also carry the burden of demonstrating breach of duty by the union.")

15

Here, Plaintiff's discharge was not contrary to the Collective Bargaining Agreement.  Specifically, Article III (Management Rights Clause) of the Collective Bargaining Agreement gives Heinz the right to layoff employees and the right to "change, relocate, abandon or discontinue any production, services, methods or facilities."  (Collective Bargaining Agreement at 3.)  In addition, Article XXXIII (Severance) states that "[s]everance will be offered in the event [Heinz] permanently eliminates positions and it results in the permanent lay-off of an employee."  (Collective Bargaining Agreement at 23.)  The plain language of the Collective Bargaining Agreement demonstrates that Heinz and Local 56 agreed that Heinz would have the authority to eliminate the third shift sanitation workers when it decided to cease third shift sanitation operations.  (Demarco Decl. ¶¶ 5-7.)  This conclusion is strengthened by the undisputed evidence that Heinz discussed their plan to lay-off third shift sanitation workers with Local 56 and that both Local 56's president and business representative agreed that Heinz was permitted to eliminate the third shift under the terms of the Collective Bargaining Agreement.  (Demarco Decl. ¶ 6.)  In addition, Plaintiff has failed to present any evidence either that (1) Heinz planned to replace (or did replace) third shift sanitation workers with non-union workers or (2) that Heinz and Local 56 colluded to discriminate against third shift union

16

workers. Because Plaintiff cannot demonstrate that Heinz breached its obligation under the Collective Bargaining Agreement, summary judgment in favor of Heinz is appropriate.

### C. **Plaintiff's Motion for Summary Judgment**

Plaintiff makes two arguments in support of his motion for summary judgment. Plaintiff argues first that Local 56 breached its duty of fair representation when (1) Local 56 and Heinz "negotiated an agreement which blatantly discriminated against the union employees in the sanitation department" and (2) Local 56 officials Anthony Ginaglia and Jack Swift "made no efforts to communicate with sanitation workers who [were] directly affected . . . by [Local 56's] elimination of [sanitation] jobs." (Pl.'s Br. at 18.) As discussed above, to succeed on a claim of breach of the duty of fair representation, a plaintiff must adduce admissible evidence tending to show that the union's conduct was in fact "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190. Specifically, the union's behavior must be "so far outside a wide range of reasonableness as to be irrational." Airline Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991).

Because Plaintiff has failed to provide any evidence to support his arguments and allegations of breach of duty as to Local 56, this Court cannot say that Plaintiff is entitled to judgment as a matter of law. The evidence presented by Plaintiff in connection with summary judgment are (1) an August 6, 2004

17

memo from McNeece to all employees; (2) the Collective Bargaining Agreement; (3) Plaintiff's September 10, 2004 grievance; and (4) the Complaint and a affidavit he attached thereto.  (Declaration of Alfonso G. Wiggins ¶¶ 1-6.)  In his motion papers, Plaintiff also includes a Statement of Undisputed Facts in which he recites facts that are not in dispute.  Plaintiff has made no attempt to justify his delay in filing his grievance.  For example, Plaintiff has provided no evidence that he attempted to contact union officials in a timely manner or that such officials failed to communicate with the sanitation workers whose jobs were eliminated.  Moreover, Plaintiff has not provided any evidence that Local 56 acted in a manner that discriminated against third shift sanitation workers or did anything improper in its negotiations with Heinz.  Thus, the Court will deny Plaintiff's motion for summary judgment against Local 56.

Second, Plaintiff argues that Heinz breached the Collective Bargaining Agreement when Heinz and Local 56 negotiated an agreement that led to the elimination of union positions in the sanitation department and replaced them with non-union workers. According to Plaintiff, such a new agreement negotiated between Heinz and Local 56 violated Article V of the Collective Bargaining Agreement because the Agreement (1) "guarantee[d] the union employees job security;" (2) "maintained that [Heinz] would not retain in its employ any but [sic] members of the union" and (3) required any new or present employee [of Heinz] to become a

18

member of [Local 56] to retain their employment with [Heinz.]" (Pl.'s Br. at 18. As discussed in Section III.B, <u>supra</u>, assuming Plaintiff had exhausted his internal union remedies enabling him to bring this action, Plaintiff's motion for summary judgment must be denied. Plaintiff's discharge was not contrary to the Collective Bargaining Agreement.[9] This conclusion is supported by the fact that both Local 56's president and business representative agreed that Heinz was permitted to eliminate the third shift sanitation workers under the terms of the Collective Bargaining Agreement. (Demarco Decl. ¶ 6.) Thus, the Court will deny Plaintiff's motion for summary judgment against Heinz.

**IV. CONCLUSION**

For the reasons discussed above, this Court will grant the motions for summary judgment of Defendants Local 56[10] and Heinz

---

[9] Specifically, Article III (Management Rights Clause) of the Collective Bargaining Agreement gives Heinz the right to layoff employees and "change, relocate, abandon or discontinue any production, services, methods or facilities." (Collective Bargaining Agreement at 3.) In addition, Article XXXIII (Severance) states that "[s]everance will be offered in the event the company permanently eliminates positions and it results in the permanent lay-off of an employee." (Collective Bargaining Agreement at 23.)

[10] The Complaint against Defendants Anthony R. Cinaglia and Jack Swift shall also be dismissed. There is no indication that either defendant was personally served (or waived personal service) within 120 days of the filing of the Complaint, as required by Rule 4(m), Fed. R. Civ. P. Neither individual defendant has filed an answer, and service by mail does not suffice under Rule 4 unless the defendant returns a waiver of service as provided in Rule 4(d), Fed. R. Civ. P. Plaintiff's affidavit of mailing, filed March 29, 2005, does not establish proper service.

19

and McNeece and deny Plaintiff's motion for summary judgment.

The accompanying Order is entered.


**October 30, 2006**             **s/ Jerome B. Simandle**
DATE                             JEROME B. SIMANDLE
                                 United States District Judge